JAMES H. BEALL, plaintiff in error *vs.* OLIVER C. HILL, defendant in error.

An affidavit was made before a Judge of the Superior Court, on the 15th of November, 1869, to obtain a distress-warrant for rent not due, alleging that Hill, the tenant, was justly indebted to Beall, the landlord, the sum of $220 00 for the rent of thirty acres of land, that the rent note was not due until the 15th day of December, 1869 ; but that Hill, the tenant, is removing, and has removed, a large portion of his crop from the land, the said note being unpaid. Hill, the tenant, filed a counter-affidavit, in which he simply alleged that the sum distrained for rent was not due, without negativing the fact that he was removing the crop made on the land. On the trial of the case, the plaintiff's counsel demurred to the defendant's affidavit as being insufficient in law, and moved the Court to dismiss the same, which motion the Court overruled. Afterwards, on motion of defendant's counsel, the Court

Beall *vs.* Hill.

dismissed the plaintiff's affidavit, on the ground that a Judge of the Superior Court was not authorized by law to issue a distress-warrant: *Held*, That the Court erred in not sustaining the plaintiff's demurrer to the defendant's affidavit and dismissing the same, as it did not deny the fact alleged in the plaintiff's affidavit, that he was removing the crop from the land, which was the sole ground for taking out the distress-warrant against him by plaintiff under the 2259th section of the Code. If the question as to the authority of the Judge of the Superior Court to issue a distress-warrant, was now an original question before this Court, we should be inclined to hold that he did have such authority under the general powers conferred upon that officer, by the Constitution and laws of the State; but the decisions of this Court in *Holland vs. Brown*, 15th Georgia Reports, 113, and *Keaton vs. McDonald*, 24th Georgia Reports, 166, limit the authority to issue such warrants to a Justice of the Peace; the 4th section of the Act of 1856–66 applies only to the question of tenants holding over, and not to the question of issuing distress-warrants for rent: *Held*, That the distress-warrant issued by the Judge of the Superior Court was properly dismissed by the Court below.

Distress-Warrants. Before Judge GREEN. Upson Superior Court. November Term, 1870.

In November, 1869, Beall made affidavit before the Judge of the Superior Court of said county, that said Hill owed him $220 00 on a note for the rent of certain land therein described, " which said note is not due until the 15th day of December, 1869, but the said Oliver C. Hill is now removing and has removed a large portion of his crop from said land." Thereupon the Judge issued a distress-warrant against Hill for said sum. Hill met this warrant on the 19th of November, 1869, with a counter-affidavit, in which he swore only that said amount " is not due." He gave bond as required by law, and the papers were returned to the Superior Court.

When it came on for trial, Beall's attorney moved to strike the counter-affidavit because it did not deny the removal of goods or that the rent would be due on the 15th of December, 1869. The Court overruled this motion, and ordered the cause to proceed. Subsequently Hill's counsel moved to

dismiss the distress-warrant because a Judge of the Superior Court had no right to take said affidavit and issue a distress-warrant. Thereupon the Court dismissed Beall's proceeding. The refusal to strike the counter-affidavit and the dismissal of the distress-warrant are assigned as error.

JOHN. I. HALL, for plaintiff in error, said the counter-affidavit was bad : Irwin's Code, section 2259 ; 34th Ga. R., 178 ; 37th, 66; and Judges of Superior Courts could issue distress-warrants in November, 1869: Acts 1865–6, page 35.

HART & ALLEN ; R. P. TRIPPE, by DAVID LEWIS, for defendant.

WARNER, J.

In our judgment the Court below erred in not sustaining the plaintiff's demurrer to the defendant's counter-affidavit. If the question as to the authority of a Judge of the Superior Court to issue a distress-warrant for rent, was now an original question before this Court, we should be inclined to hold that he did have such authority under the general powers conferred upon that officer by the Constitution and laws of the State, but the decisions of this Court in *Holland vs. Brown,* 15th Georgia Reports, 113, and *Keaton vs. McDonald,* 24th Georgia Reports, 116, limit the authority to issue such warrants to a Justice of the Peace. The 4th section of the Act of 1865–6 applies only to the question of tenants holding over, and not to the issuing distress-warrants for rent. According to the previous rulings of this Court, the distress-warrant issued by the Judge of the Superior Court was properly dismissed.

Let the judgment of the Court below be affirmed.